UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
SHIMON GOTTLIB on behalf of himself
and all others similarly situated

                          Plaintiff,

              -against-

JEFFREY G. LERMAN D/B/A
JEFFREY G. LERMAN, P.C.

                       Defendant.
--------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ MAR 26 2012 ★

LONG ISLAND OFFICE

**CV 12-1480**

**SUMMONS ISSUED**

GERSHON, J.

BLOOM, M.J.

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff Shimon Gottlib seeks redress for the illegal practices of Jeffrey G. Lerman d/b/a Jeffrey G. Lerman, P.C. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt.

4.    Upon information and belief, defendant is a New York corporation with a principal place of business located in Mineola, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly

1

owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Shimon Gottlib*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about December 1, 2011 plaintiff called and spoke to a representative from Jeffrey G. Lerman, P.C.

11. The representative informed the plaintiff that the letter dated November 30, 2011 attached hereto has a final due date which is December 12th and if the balance is not made by that date then our client is going to take credit action against this account and it will be reported to the credit bureaus as a delinquent account.

12. Plaintiff then attempted to dispute the debt over the phone and defendant informed plaintiff that he must put his dispute in writing and there has to be some kind of a basis for the dispute.

13. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw.

2002);

Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA); Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999); DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001); Mejia v. Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute).

The FDCPA allows the consumer to orally dispute a debt. Brady v. The Credit Recovery Company, Inc., 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One., 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf., 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collectors assumption of validity. See. Rosado v. Taylor., 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated the §

1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties).

It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer See. <u>Register v. Reiner, Reiner & Bendett, P.C.</u>, 488 F.Supp.2d 143 (D.Conn. 2007); <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich</u>, 464 F.Supp.2d 720 (N.D. Ohio 2006); <u>Baez v. Wagner & Hunt, P.A.</u>, 442 F.Supp.2d 1273 (S.D.Fla. 2006); <u>Turner v. Shenandoah Legal Group, P.C.</u>, No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006); <u>Vega v. Credit Bureau Enters.</u>, No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005); <u>Nasca v. GC Servs. Ltd. P'ship</u>, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002); <u>In re Risk Mgmt. Alternatives, Inc.</u>, Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002); <u>Sambor v. Omnia Credit Servs., Inc.</u>, 183 F.Supp.2d 1234 (D.Haw. 2002); <u>Sanchez v. Robert E. Weiss, Inc.</u>, 173 F.Supp.2d 1029 (N.D. Cal. 2001); <u>Castro v. ARS Nat'l Servs., Inc.</u>, No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); <u>Ong v. Am. Collections Enter.</u>, No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999); <u>Reed v. Smith, Smith & Smith</u>, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995); <u>Harvey v. United Adjusters</u>, 509 F.Supp.1218 (D.Or. 1981).

The FDCPA states that a debt collector may not communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

14. Upon information and belief, Jeffrey G. Lerman, P.C. and its employee as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

15. Upon information and belief, Jeffrey G. Lerman, P.C. and its employees when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

16. Upon information and belief, Jeffrey G. Lerman, P.C. and its employee intentionally denied Shimon Gottlib his dispute rights given to him under the FDCPA.

17. Upon information and belief, Jeffrey G. Lerman, P.C. and its employee wrongfully stated to Shimon Gottlib that he could not orally dispute the debt directly with Jeffrey G. Lerman, P.C.

18. Upon information and belief, Jeffrey G. Lerman, P.C. and its employee wrongfully stated to Shimon Gottlib that he could only dispute a debt in writing.

19. Upon information and belief, Jeffrey G. Lerman, P.C. and its employee wrongfully stated to Shimon Gottlib that he must have a reason to dispute a debt.

20. Upon information and belief, Jeffrey G. Lerman, P.C. and its employee by

       intentionally denying Shimon Gottlib and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

21. The Jeffrey G. Lerman, P.C. employee who spoke with Shimon Gottlib intended to speak the said words to the plaintiff.

22. The acts and omissions of Jeffrey G. Lerman, P.C. and its employee done in connection with efforts to collect a debt from Shimon Gottlib were done intentionally and willfully.

23. Upon information and belief, Jeffrey G. Lerman, P.C. and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the defendant purportedly in the validation notice.

24. As an actual and proximate result of the acts and omissions of Jeffrey G. Lerman, P.C. and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by jury and at trial.

25. In addition the defendant falsely stated that once the December 12, 2011 due date passed, the defendant would report it to the credit reporting agency as a delinquent account.

26. The defendant violated 1692e and 1692e (5) by threatening to take any action that

cannot legally be taken or that was not intended to be taken.

27. On or about November 17, 2011 and November 30, 2011, defendant sent collection letters communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating Section 1692e(3).

28. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3). The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993) See, e..g, Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.);
See Also. Suquilanda v. Cohen & Slamowitz LLP ., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ( "Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)"

The Second Circuit confronted similar facts in Clomon. There, the attorney defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent." 988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

29. On or about April November 17, 2011 and November 30, 2011, Defendant printed and mailed, or caused to be printed and mailed, letters to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendants and which Defendants acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communications is attached hereto.

30. Defendant, as a matter of pattern and practice, mail letters, or cause the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

31. Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

32. The letters the Defendant mails, or causes to be mailed, are produced by

Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

33. The November 17, and November 30, 2011 letters are standardized form letters.

34. Although Jeffrey G. Lerman, P.C. may technically be a law firm, it was not acting in the capacity of a law firm with respect to the November 17, and November 30, 2011 letters. The inclusion of "Law Offices" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

35. If Jeffrey G. Lerman, P.C. desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993). See e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up." See also. Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.

See, e..g Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y.

9

SEP 08, 2011) " Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)."

36. Upon information and belief, Jeffrey G. Lerman is involved in a daily basis in generally running the collection practice and specifically making policies in terms of how messages are left, text of letters and review and lack of review of files.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

37. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-36 as if set forth fully in this Cause of Action.

38. This cause of action is brought on behalf of plaintiff and the members of three classes.

39. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letter(s) was sent to a consumer seeking payment of a consumer debt; and (c) that the collection letter(s) used an attorney letter head which represented that the letter was sent from a law firm in a practical sense (d) the letter was sent concerning the seeking payment of an alleged debt and was not returned or undelivered by the post office; and (e) that the message contained violations of 15 U.S.C. §§ 1692e, 1692e(3),

1692e(10).

40. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) that the defendant denied the plaintiff the right to dispute the debt orally, and required the plaintiff to provide a valid reason to dispute.

41. Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) that the defendant made false threats of credit reporting in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10).

42. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the communications and the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination

from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

43. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

44. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45. Communications such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

46. The defendant's actions violate the Fair Debt Collection Practices Act.

47. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with

the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 21, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

13

LAW OFFICE OF
# JEFFREY G. LERMAN, P.C.

THE BENCHMARK BUILDING • 170 Old Country Road - Suite 600 • Mineola, New York 11501
TEL (516) 742-9282 • FAX (516) 742-4105 • e-mail: jlerman@lawyers.com

November 17, 2011

OF COUNSEL

AARON L. LEBENGER
RANDY M. STEIN
DOUGLAS D. VIVIANI

Mr. Shimon Gottlib
462 Malbone Street 1
Brooklyn, New York  11225

| Re: | Our Client | : Columbia Presbyterian Endocrinology Medicine |
|---|---|---|
| | Patient | : Gottlib, Shimon |
| | Account Number | : 361136 |
| | Date of Treatment | : 11/09/09 thru 11/22/10 |
| | Original Charge | : $1,400.00 |
| | Balance | : $465.98 |

Dear Mr. Gottlib:

Our records reflect that your account of $465.98, with our client, the originating creditor, remains outstanding and that:

1. This office mailed to you on September 26, 2011, a letter regarding the above-referenced account.

2. More than thirty (30) days have elapsed and you balance remains outstanding.

3. No payment arrangement has been made for the payment of this account.

Please mail full payment directly to this office, made payable to my client, on or before <u>MONDAY, NOVEMBER 28, 2011</u>. If you are unable to pay the balance in full and wish to work out a reasonable installment arrangement, or if you wish to discuss this matter, you may contact the undersigned at (516) 742-9282.

On behalf of our client, we thank you in advance for your payment and for giving this matter your attention.

This firm is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

Jeffrey G. Lerman, Esq.

LAW OFFICE OF
# JEFFREY G. LERMAN, P.C.

THE BENCHMARK BUILDING • 170 Old Country Road - Suite 600 • Mineola, New York 11501
TEL (516) 742-9282 • FAX (516) 742-4105 • e-mail: jlerman@lawyers.com

OF COUNSEL

AARON L. LEBENGER
RANDY M. STEIN
DOUGLAS D. VIVIANI

November 30, 2011

Mr. Shimon Gottlib
462 Malbone Street 1
Brooklyn, New York 11225

Re:  Our Client        : Columbia Presbyterian Endocrinology Medicine
     Patient           : Gottlib, Shimon
     Account Number    : 361136
     Date of Treatment : 11/09/09 thru 11/22/10
     Original Charge   : $1,400.00
     Balance           : $465.98

Dear Mr. Gottlib:

Kindly recall that your above referenced past due account has been referred to this office by our client, Columbia Presbyterian Endocrinology Medicine, the originating creditor. As you are aware from my previous correspondence, this office has been patient in trying to resolve this matter, including our offer to set up a mutually agreeable installment payment arrangement to pay off your balance.

Due to the fact that your account remains outstanding, if you do not pay by <u>MONDAY, DECEMBER 12, 2011</u>, sometime thereafter, I will ultimately provide our client with further options unless full payment, made payable to my client, is received directly at this office or we enter into a mutually acceptable installment arrangement by said date. A self-addressed return envelope is enclosed for your convenience.

As this balance remains unpaid, this letter will serve as your final opportunity to resolve your account before our client is ultimately provided further options.

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. If you have any further questions, you may contact the undersigned at (516) 742-9282.

Very truly yours,

Jeffrey G. Lerman, Esq.